UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

DANIEL JOSEPH CARTER,

                Plaintiff,

    -against-

WILLIAM (BILL) CLINTON; HILARY [sic]
CLINTON,

                Defendants.
------------------------------------------------------------x

**MEMORANDUM AND ORDER**
13-CV-5767 (PKC)

PAMELA K. CHEN, United States District Judge:

On October 18, 2013, Plaintiff Daniel Joseph Carter ("Plaintiff"), filed this *pro se* action. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, but for the reasons stated below, the complaint is dismissed as frivolous.

## Background

Plaintiff alleges that on or about April 2012, Bally's Casino in Atlantic City was robbed, and that former President George W. Bush ("President Bush"), was involved in the robbery. Plaintiff further alleges that President Bush gave former President William J. Clinton and Hillary Clinton (together, the "Clintons") "millions of dollars of this cash." (Compl. at ¶ III.) Moreover, Plaintiff alleges that in 2013, President Bush made "another payment of millions of dollars of cash robbery money" to the Clintons. *Id.* Plaintiff seeks "unlimited compensation." (*Id.* at ¶ IV.)

## Standard of Review

At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)). A

complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 663 (citations omitted). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting Twombly, 550 U.S. at 555).

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

The Court construes a *pro se* complaint liberally and interprets it to raise the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008).

## Discussion

In *Denton v. Hernandez*, 504 U.S. 25 (1992), the Supreme Court held that a Court may dismiss an *in forma pauperis* claim as factually frivolous if the facts alleged are clearly baseless. "[A finding of] factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible whether or not there are judicially noticeable facts available to contradict them." *Denton*, 504 U.S. 25, 33. The Supreme Court has further recognized that a

complaint is frivolous when it embraces "not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Here, Plaintiff's pleadings are irrational and incredible, and not merely because they allege bi-partisan cooperation. Plaintiff's allegations even under the very liberal reading we accord *pro se* pleadings—and even if plaintiff himself believes them to be true—can only be described as delusional and fantastic. *See Denton*, 504 U.S. at 33. Since the complaint is devoid of any basis in law or fact, defects which cannot be cured by amendment, the complaint is frivolous and is therefore dismissed. *See e.g., Banks-Gervais v. I.R.S.*, No. 12 CV 4300, 2012 WL 5504883, at * 1-2 (E.D.N.Y. Nov. 13, 2012) (dismissing *in forma pauperis* complaint as frivolous where complaint's allegations were largely incomprehensible, and "the allegations that are comprehensible are frivolous.").

## Conclusion

Accordingly, the complaint filed *in forma pauperis* is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

_____
PAMELA K. CHEN
United States District Judge

Dated: Brooklyn, New York
      October, 23 2013